UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIDUVINA BOSSELAAR,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>        Defendants. | Civil Action No. 04-11033 PBS |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT UNITED STATES' MOTION TO DISMISS**

This action was brought by plaintiff Liduvina Bosselaar against the United States of America and John Does 1-10. Plaintiff brings suit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, arising out of events surrounding her inspection and detention following her arrival at Logan International Airport on May 23, 2001. See Complaint and Jury Demand ¶¶ 12-28.

The FTCA provides that a tort claim against the United States shall be "forever barred" unless it "is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to whom it was presented." 28 U.S.C. § 2401(b). In this case, plaintiff served the Department of Homeland Security ("DHS") with an administrative tort claim on May 20, 2003, and DHS administratively denied the claim on November 4, 2003. The DHS administrative denial was communicated to plaintiff by means of a letter dated November 4, 2003, and sent on the same date by certified mail to her retained counsel. Plaintiff did not file this action until May 21, 2004, however, more than six months

after the administrative denial of her claim on November 4, 2003.  This Court therefore lacks subject matter jurisdiction over plaintiff's claims against the United States.

## BACKGROUND

On May 20, 2003, plaintiff served DHS with an administrative tort claim alleging, *inter alia*, that she was unlawfully detained, transported, and imprisoned by federal employees acting within the scope of their employment, arising out of events surrounding her inspection and detention following her arrival at Logan International Airport on May 23, 2001.[1]  See Exhibit 1; Complaint and Jury Demand ¶¶ 12-28.  In her administrative claim, plaintiff sought $1,000,000 in damages, alleging that she suffered personal injuries and that her husband suffered a loss of consortium as a result of the federal employees' "negligent acts and omissions."  See Exhibit 1.

Plaintiff's administrative claim was denied by DHS by means of a letter dated November 4, 2003, and sent on the same date by certified mail to plaintiff's retained counsel.  See Exhibit 2.  The certified mail receipt indicates that the letter was signed for, see Exhibit 3, and the USPS tracking system indicates that it was delivered on November 6, 2003, at 10:41 a.m.  See Exhibit 4.  Plaintiff filed this action on May 21, 2004, and served the United States Attorney on September 8, 2004.

---

[1] In the cover letter dated May 20, 2003, which accompanies plaintiff's administrative claim, her counsel references the relevant dates as being May 23-26, 2000, rather than May 23-26, 2001.  See Exhibit 1.  Those references are inaccurate.  As correctly set forth in the Standard Form 95, Claim for Damage, Injury or Death, the correct dates of the events at issue are May 23-26, 2001.  Indeed, if the events at issue had taken place in May 2000, rather than May 2001, plaintiff's action would be jurisdictionally barred for the additional reason that her claims would not have been presented in writing to DHS within two years after such claims accrued, as required by 28 U.S.C. § 2401(b).

**STANDARDS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims for "lack of jurisdiction over the subject matter." In cases in which the defendant challenges the accuracy of the jurisdictional facts asserted by the plaintiff, the defendant's challenge "permits (indeed, demands) differential factfinding." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). As the Supreme Court has stated, "when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, the court may inquire by affidavits or otherwise, into the facts as they exist." Land v. Dollar, 330 U.S. 731, 735 n.4 (1947), *overruled by implication on other grounds*, Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949). In such circumstances, "the plaintiff's jurisdictional averments are entitled to "no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Valentin, 254 F.3d at 363.

**ARGUMENT**

**THIS COURT LACKS SUBJECT MATTER JURISDICTION
BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH THE
PROCEDURAL REQUIREMENTS OF THE FEDERAL TORT CLAIMS ACT**

The FTCA provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). The failure to comply with the FTCA's requirements "means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it." Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003), *cert. denied*. 124 S. Ct.

2836 (2004). This is because the FTCA constitutes a waiver of the United States sovereign immunity and, as with all waivers of sovereign immunity, § 2401(b)'s deadlines requiring a timely presentation of tort claims against the government must be strictly construed. Id. at 73. See generally United States v. Kubrick, 444 U.S. 111, 117-18 (1979) ("[I]n construing the statute of limitations, which is a condition of that waiver [of sovereign immunity], we should not take it upon ourselves to extend the waiver beyond that which Congress intended.").

In this case, plaintiff served DHS with an administrative claim on May 20, 2003. See Exhibit 1. That claim was denied by DHS on November 4, 2003, in a letter of the same date sent by certified mail to plaintiff's retained counsel. See Exhibit 2. The DHS denial letter was delivered and signed for on November 6, 2003. See Exhibit 3 (certified mail receipt for Article Number 7003 1680 0004 9647 5989); Exhibit 4 (USPS Track and Confirm for 7003 1680 0004 9647 5989). Hence, to be timely under the FTCA, plaintiff needed to file suit in federal court no later than May 4, 2004. See Kollios v. United States, 512 F.2d 1316, 1316 (1st Cir. 1975) (explaining that, under the so-called "modern doctrine" for the computation of the six-month period, the initial or "trigger day" is excluded, and the last day of the period is included).

Plaintiff did not file this action until May 21, 2004, however, more than two weeks after the six-month limitation period provided for by the FTCA expired on May 4, 2004. This Court, therefore, lacks subject matter jurisdiction over plaintiff's claims against the United States, and those claims must be dismissed. See, e.g., Pitts v. United States, 109 F.3d 832, 836 (1st Cir. 1997); de Casenave v. United States, 991 F.2d 11, 13 (1st Cir. 1993). Indeed, the First Circuit has held that an FTCA action must be dismissed even where it is filed only one day after the expiration of the six-month period following the mailing of the plaintiffs' administrative claims.

See Kollios, 512 F.2d at 1316-17 (dismissing suit filed on January 24, 1974, one day after the six-month period provided for by § 2401(b) had expired, on January 23, 1974).

To be sure, plaintiff alleges in her complaint that she "presented Claims for Damage, Injury or Death to the FBI as required," and that "the government has failed to make final disposition of those claims within 6 months of being served therewith . . . ." Complaint and Jury Demand ¶ 8. Those assertions are inaccurate. As a preliminary matter, plaintiff's assertion that she presented her administrative claims "to the FBI" is simply erroneous. Plaintiff presented her administrative claim to the Bureau of Immigration and Customs Enforcement of DHS, not to the Federal Bureau of Investigation ("FBI"), see Exhibit 1, and plaintiff's complaint is devoid of any reference to the FBI or to employees of the FBI.

More to the point, DHS *did* finally dispose of Plaintiff's administrative claim within six months of being served therewith. See Exhibit 2. Specifically, in a letter sent by certified mail on November 4, 2003, the Assistant Principal Legal Advisor, Bureau of Immigration and Customs Enforcement, DHS, informed plaintiff's retained counsel that her administrative claims had been considered and disallowed. Id. The letter further advised plaintiff's counsel of § 2401(b)'s requirement that, if plaintiff wished to file suit against the United States to recover any alleged damages or expenses incurred, she must do so "no later than six months after the date of mailing of this notice of final denial of claims." Id. The certified mail receipt indicates that it was signed for by Sheila Hollier, see Exhibit 4, and the United States Postal Service reports that it was delivered on November 6, 2003, at 10:41 a.m. See Exhibit 4. Plaintiff's assertion that the United States failed to make a final disposition of her administrative claim within six months of being served therewith, therefore, has no basis in fact.

-5-

Nor is there any basis in this case to apply the doctrine of equitable tolling.  Even assuming *arguendo* that that doctrine is applicable in an FTCA action,[2] the Supreme Court has stated that equitable tolling should be applied "only sparingly," and only "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  Irwin v. Dep't of Veteran's Admin., 498 U.S. 89, 96 (1990).  Neither situation is present here.  Plaintiff did not file a defective pleading during the statutory period, such as a complaint filed within six months of November 4, 2003, but dismissed for procedural reasons.  Nor was plaintiff induced or tricked by the government into allowing the filing deadline to pass; indeed, plaintiff makes no such allegation in her complaint.  Under these circumstances, the doctrine of equitable tolling has no application.  See, e.g., de Casenave, 991 F.2d at 13-14.

## CONCLUSION

Because plaintiff did not file this action until May 21, 2004, more than two weeks after the six-month limitation period provided for by the FTCA had expired, this Court lacks jurisdiction over her claims against the United States.  Those claims, therefore, should be dismissed with prejudice.

---

[2]  The First Circuit has recently indicated that it might be an open question whether a claim of equitable tolling is cognizable against the government in an FTCA action.  See McIntyre v. United States, 367 F.3d 38, 61 & n.8 (1st Cir. 2004).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/ Mark T. Quinlivan
     MARK T. QUINLIVAN
     Assistant United States Attorney
     United States Attorney's Office
     John Joseph Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
     Boston, MA  02210
     617-748-3606

Dated: November 8, 2004

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the person listed below a copy of the foregoing Memorandum of Law in Support of Defendant United States' Motion to Dismiss, by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Dino M. Colucci, Esq.
Colucci & Colucci, P.C.
552 Adams Street
Milton, MA 02186

This 8th day of November 2004.

        /s/ Mark T. Quinlivan
        MARK T. QUINLIVAN
        Assistant United States Attorney