# COLUCCI, COLUCCI & MARCUS, P.C.

552 Adams Street
Milton, Massachusetts 02186

Telephone: (617) 698-6000
Facsimile: (617) 698-1262
E-mail: attorneys@coluccilaw.com

Dino M. Colucci*
Darin M. Colucci
Matthew J. Marcus
Michael T. Lennon

*Also admitted to the New Jersey Bar

May 20, 2003



RECEIVED
MAY 22 2003
US INS DOJ
EASTERN REGIONAL COUNSEL

<u>Via Overnight Mail</u>

Mr. Eduardo Aguirre, Jr.
Acting Director
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES
Directorate of Border and Transportation Security
United States Department of Homeland Security
801 I Street, NW
Washington, D.C. 20536

Mr. Dennis Riordan
Interim District Director
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES
Boston District Office, Room 1700
John F. Kennedy Federal Building
Government Center
Boston, MA 02203

Mr. Michael J. Garcia
Assistant Secretary
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT
Office of Detention and Removal
Directorate of Border and Transportation Security
United States Department of Homeland Security
801 I Street, NW
Washington, D.C. 20536

District Director
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT
Boston District Office
John F. Kennedy Federal Building
Government Center
Boston, MA 02203

Mr. Eduardo Aguirre, Jr., *et al.*
Page 2
May 20, 2003

Office of District Counsel
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT
P.O. Box 8728
Boston, MA 02114

Mr. Robert C. Bonner
Commissioner
BUREAU OF CUSTOMS AND BORDER PROTECTION
United States Department of Homeland Security
Washington, D.C. 20528

Hon. Asa Hutchinson
Under Secretary for Border and Transportation Security
DIRECTORATE OF BORDER AND TRANSPORTATION SECURITY
Bureau of Customs and Border Protection
United States Department of Homeland Security
Washington, D.C. 20528

Hon. Tom Ridge
Director
UNITED STATES DEPARTMENT OF HOMELAND SECURITY
Washington, D.C. 20536

Mr. Bruce Chadbourne or Current Director
BCIS DETENTION CENTER
Boston SPC
United States Coast Guard Support Center
427 Commercial Street
Boston, MA 02109

Ms. Maria F. Lopes
Mr. Arthur R. Machado
Mr. Christopher T. Saunders
BRISTOL COUNTY COMMISSIONERS
9 Court Street
Taunton, MA 02780

Thomas Reilly, Esq.
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

Mr. Eduardo Aguirre, Jr., *et al.*
Page 3
May 20, 2003

Mr. Craig P. Coy
Chief Executive Officer
MASSACHUSETTS PORT AUTHORITY
One Harborside Drive
Suite 200S
East Boston, MA 02128

Secretary-Treasurer
MASSACHUSETTS PORT AUTHORITY
One Harborside Drive
Suite 200S
East Boston, MA 02128

Mr. John A. Quelch, Chairman
Mr. James M. Coull, Vice-Chair
Ms. Lois J. Catanzano, Director
Ms. Lucy A. Flynn, Director
Mr. John Cogliano, Jr., Director
Mr. John F. Monahan, Jr., Director
Ms. Susana M. Segat, Director
MASSACHUSETTS PORT AUTHORITY
One Harborside Drive
Suite 200S
Easton Boston, MA 02128

Mr. Thomas J. Kinton, Jr.
Director
LOGAN INTERNATIONAL AIRPORT
East Boston, MA 02128

    *Re:*   *Claimant:*   *Liduvina Bosselaar*
         *Dates of Incidents:*   *May 23, 2000 — May 25, 2000*
         *Locations of Incidents:*   *Logan International Airport, East Boston, Mass.*
                                    *BCIS Detention Center, 427 Commercial Street,*
                                      *Boston, Mass.*
                                    *Bristol County House of Correction,*
                                     *593 Kempton Street, New Bedford, Mass.*

Mr. Eduardo Aguirre, Jr., *et al.*
Page 4
May 20, 2003

## STATUTORY NOTICE OF CLAIM PURSUANT TO, AND IN ACCORDANCE WITH, TITLE 28, SECTIONS 1346, 2401, 2672, AND 2675 OF THE UNITED STATES CODE (COLLECTIVELY, "FEDERAL TORT CLAIMS ACT"); TITLE 28, CHAPTER 1, SECTION 14 OF THE CODE OF FEDERAL REGULATIONS; AND CHAPTER 258, SECTION 4 OF THE MASSACHUSETTS GENERAL LAWS ("MASSACHUSETTS TORT CLAIMS ACT")

Ladies and Gentlemen:

Please be advised that the above-referenced Claimant has retained this firm regarding a chain of events that began on May 23, 2000, in which she suffered personal injuries and violations of her Constitutional civil rights, all as more fully described below. Pursuant to, and in accordance with, Title 28, Sections 1346, 2401, 2672, and 2675 of the United States Code; Title 28, Chapter 1, Section 14 of the Code of Federal Regulations; and Chapter 258, Section 4 of the Massachusetts General Laws, and all other applicable notice provisions and requirements of law, we are sending this letter to you in your respective capacities as Executive Officers of the above-referenced governmental agencies, commissions, directorates, departments, authorities or other governmental entities (collectively, "agencies") contemplated by the above-referenced statutes and regulations, as a Notice of Claim on behalf of Liduvina Bosselaar. Further, this letter is in supplementation of, and in addition to, all notices, whether oral or written, which you have previously received regarding the subject incidents and their aftermath.

**Name and Place of Residence of Injured Person.** The person injured in the below-described incidents is Liduvina Bosselaar, whose residence is located at Twijgstraat 4  7411 AR Deventer, Holland (The Netherlands), and who does not speak English.

**Date, Time, and Place of Original Incident Giving Rise to the Injuries and Civil Rights Violations.** At approximately 6:00 P.M. on May 23, 2000, Liduvina Bosselaar disembarked at Logan International Airport in Boston from a trans-Atlantic flight originating in Amsterdam with a connecting flight from Reykjavik, Iceland. The purpose of the trip was recreational; Mrs. Bosselaar was on vacation and had intended to visit her sister and niece in Boston. She had visited Boston for the same purpose a year earlier and had enjoyed that stay in Boston without incident. Indeed, she had been looking forward to this return visit for some time.

**Description of Original Incident Giving Rise to the Injuries and Civil Rights Violations.** Briefly, after disembarking, Mrs. Bosselaar dutifully waited in line at the passport control area of the terminal. Before she reached the counter, and without explanation, she was extracted from the line and escorted to a separate, enclosed office where an official of the then-titled Immigration and Naturalization Service (INS) examined her passport. Inexplicably, and to Mrs. Bosselaar's surprise, the official then asked to see additional identification papers. With all due measure of trust, Mrs. Bosselaar complied.

Not satisfied, and still offering no explanation or justification, the official then ordered Mrs. Bosselaar to retrieve her suitcase from the baggage area on the lower level of the terminal and return to his office with it. Understandably, Mrs. Bosselaar was nervous as she walked through the terminal without her passport or her other papers. All the while, no explanation had been offered her as to why she had been singled out for such treatment, which treatment she had never experienced during any trip abroad.

Once she had managed to bring her suitcase upstairs and back to the official's office, Mrs. Bosselaar reluctantly surrendered custody of the suitcase to the official. The official immediately lifted the suitcase onto a table, opened it, and unpacked the contents in their entirety, still without explanation. To Mrs. Bosselaar's consternation, the official went so far as to read a private letter he had found. When the official took a keen interest in examining Mrs. Bosselaar's underwear, Mrs. Bosselaar made her displeasure known.

In response, the official approached Mrs. Bosselaar, confiscated her purse, tipped it over, dumped the contents onto the table, and finally, turned the lining inside out. When Mrs. Bosselaar again made her displeasure known, two other officials forcefully and needlessly yanked Mrs. Bosselaar's hands behind her back and handcuffed her. Immediately afterward, the officials abruptly pushed Mrs. Bosselaar into a nearby chair.

Mrs. Bosselaar's frustration and subdued anger turned to fear when one of the officers who handcuffed her looked at her menacingly and said, in Spanish, "I'm going to fuck you." When this threat ostensibly turned out to be an intimidation tactic, Mrs. Bosselaar was relieved beyond words. As would be expected, however, her fear and confusion only escalated. Soon afterward, Mrs. Bosselaar suffered further insult when two female officials physically searched her.

To her dismay and frustration, Mrs. Bosselaar was not allowed to contact her niece, who was scheduled to pick her up at the airport; none of the officials made any offer or attempt to do so on her behalf. All the while, Mrs. Bosselaar had been deprived of any explanation as to why her anticipated vacation was being unjustifiably ruined, to say the least. She later learned that her niece had waited for her for hours before returning home, herself confused and worried.

Mrs. Bosselaar was kept secluded in the immigration officials office against her will for two hours before she was escorted outside the terminal. At that point, and to her horror, Mrs. Bosselaar found herself being transported, still handcuffed and against her will, to the INS Detention Center located at 427 Commercial Street in Boston.

**Unlawful Detention and Aftermath.** Upon arrival at the Detention Center, Mrs. Bosselaar requested to make a telephone call to the Dutch Consulate in order to seek advice and counsel as to what was happening to her and why. Her request was refused. She was photographed, fingerprinted, and allowed to make a collect telephone call to her husband, Jan, in Holland.

Mr. Eduardo Aguirre, Jr., *et al.*
Page 6
May 20, 2003

After less than ten minutes, a guard at the Detention Center abruptly and unapologetically terminated the call. Afterward, Mrs. Bosselaar was placed in a cell, alone, with no bedding. She was not given any food to eat, was not allowed to wash, groom herself, or brush her teeth. Frightened and confused, and confronted with a constantly illuminated light in her cell, she remained awake for the entire night and the next day.

At approximately 7:00 the following evening, May 24th, Mrs. Bosselaar was again humiliated as she was chained and ushered into a cage in the back of a bus with other detainees. During this second transport, Mrs. Bosselaar was not belted into her seat. As a result, at one point she helplessly fell to the floor due to the driver's abrupt maneuvering. Unable to brace herself while chained and handcuffed, Mrs. Bosselaar felt her back, right shoulder, and right arm forcefully impact the floor of the bus. Feeling pain immediately thereafter, Mrs. Bosselaar requested that the driver of the bus stop and help her. Her request was ignored. Again without explanation or justification, she was neither offered nor afforded any medical attention.

More than two hours later, the bus arrived at the Bristol County House of Correction in New Bedford. Upon entry, Mrs. Bosselaar was again photographed, fingerprinted, and, after midnight, placed in a cold cell. Requests to place a telephone call to the Dutch consulate or an attorney were ignored. Here, too, Mrs. Bosselaar was not allowed to wash, groom herself, or brush her teeth.

In the early morning hours, Mrs. Bosselaar was frightened and shocked when she was forced to undergo a half-hour medical examination. She became particularly frightened when during the course of the examination, she felt herself being injected with some form of medication without her consent. Again, no explanation or justification was offered.

Unable to sleep, Mrs. Bosselaar spent the remainder of her time at the House of Correction in her cell. At approximately 4:30 on May 25th, Mrs. Bosselaar was again handcuffed, chained, and placed in a cage in the back of a bus. More than two hours of transport later, the bus arrived at Logan Airport. Mrs. Bosselaar felt an even more intense level of embarrassment and humiliation as she found herself being paraded, in handcuffs, by two men astride, through the public areas of the airport terminal *en route* to the INS area.

Approximately an hour and a half later, she was escorted onto an airplane for a return flight to Amsterdam by way of Reykjavik. Exhausted, confused, and psychologically taxed beyond description, Mrs. Bosselaar arrived home to her husband in the early morning hours of May 26th.

**Injuries and Damages**. As a result of the unlawful detention, imprisonment, and heinous treatment, including unjustified assault and battery, visited upon Liduvina Bosselaar, she has suffered severe personal injuries. Her physical injuries include, without limitation, constant and apparently permanent pain syndrome in her back right shoulder, and legs. Her psychological symptoms include, without limitation, panic attacks, flashbacks, and recurring nightmares.

Mr. Eduardo Aguirre, Jr., *et al.*
Page 7
May 20, 2003

She has undergone, and continues with, medical and psychological treatment for these injuries. Additionally, her resulting functional limitations has severely impeded her ability perform her job duties as a packer of computer accessories.

**Claim(s).** Please be advised that Mrs. Bosselaar makes claim as against all of the above-identified agencies, and all of their respective agents, servants, and employees for her physical and emotional pain and suffering, any disabilities and disfigurements, past and future medical expenses, lost wages, impaired earning capacity, humiliation and embarrassment, violation of Constitutional civil rights (including, but not limited to, those rights and privileges afforded under the operative clauses of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments), and loss of enjoyment of life, all suffered or incurred as a result of the above-described events. Likewise, her husband, Jan Bosselaar, makes claim for the loss of consortium directly and proximately caused by the above-identified agencies' tortious acts and omissions.

**Negligent Acts and Omissions.** The above-identified federal, state, and county agencies, by and through their respective agents, servants, and employees, was negligent and careless in one or more of the following respects:

(1) in falsely and unlawfully detaining Mrs. Bosselaar against her will and without valid grounds, excuse, or justification;

(2) in falsely and unlawfully arresting Mrs. Bosselaar without valid grounds, excuse, or justification;

(3) in falsely and unlawfully imprisoning Mrs. Bosselaar without valid grounds, excuse, or justification;

(4) in operating a motor vehicle so as to place Mrs. Bosselaar at risk of physical injury, which risk and injury did, in fact, materialize;

(5) in negligently failing to properly equip or maintain the transport vehicle(s);

(6) in negligently failing to afford Mrs. Bosselaar with the minimal necessaries of life during the period of her custody;

(7) in violating applicable federal and state statutes and regulations;

(8) in depriving Mrs. Bosselaar of the ability, while in custody, to:

    a. contact the Dutch consulate;
    b. contact an attorney for advice and counsel;
    c. contact any family members residing locally;

Mr. Eduardo Aguirre, Jr., *et al.*
Page 8
May 20, 2003

      d. wash and groom herself;
      e. gain medical attention for injuries suffered as a result of one or more of the agencies' negligence;
      f. eat; and
      g. sleep;

(9) in depriving Mr. Bosselaar of his wife's advice, care, comfort, society, support, and all other components of consortium;

in failing to undertake due diligence in the hiring, training, and retention of the agencies' agents, servants, and/or employees who were responsible for, or involved in any way with, Mrs. Bosselaar's detention, transport, or imprisonment; and

in any other ways not yet known but that might be discovered upon further investigation, including, without limitation, formal discovery procedures.

    As the direct and proximate result of the negligence and carelessness of the above-identified agencies, by and through their respective agents, servants, and employees, Mrs. Bosselaar was caused to suffer the injuries and losses as described above.

    Based on all of the above, claim is made for One Million Dollars ($1,000,000.00) in full and final settlement of the Bosselaar's claims as against the above-listed agencies for all injuries and damages arising out of the above-described events. Medical documentation is currently being compiled overseas and will be seasonably supplemented.

    **If you contend that you are not an executive officer of other person authorized to receive notice pursuant to the applicable provisions of the above-referenced statutes and regulations, and that this notice should have been directed elsewhere, please notify the undersigned immediately, in writing, and with specificity regarding your reasons for such contention. In such event, please also provide the undersigned with the identity of the proper executive officer or other person whom you contend should receive notice, and please forward a copy of this letter to that executive officer or other person.**

    **If you contend that this letter is deficient in any way or contains any material omission and is not in keeping with the requirements of applicable law, please notify the undersigned immediately, in writing, and with specificity regarding any such alleged deficiencies or omissions.**

Mr. Eduardo Aguirre, Jr., *et al.*
Page 9
May 20, 2003

  In the event you do not notify the undersigned immediately, in writing, and with specificity as requested above, of any such alleged omissions or deficiencies, or of any contention that this letter should be directed to someone else, the Claimant, Liduvina Bosselaar and this firm, as her legal counsel, will rely upon such conduct as an acceptance of this Notice as sufficient and legally proper, both in substance and form.

  You are respectfully advised to forward this letter to your insurer or legal counsel for immediate attention. It is our intention to provide you with whatever other information you might reasonably request in order to reach a prompt and fair settlement of this claim within the period provided by law.

  Thank you for your attention to this matter.

           Very truly yours,

           COLUCCI, COLUCCI & MARCUS, P.C.

           Michael T Lennon

MTL: bms
Enclosures  Standard Form 95 (as to federal agencies)
       Proof of Representation (as to federal agencies)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Office of District Counsel BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT P.O. Box 8728 Boston, MA 02114 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Liduvina Bosselaar    Michael T. Lennon Twijgstraat 4 7411 AR    COLUCCI, COLUCCI, Deventer, The Netherlands    MARCUS, P.C. 552 Adams Street Milton, MA 02186 |
|---|---|

| 3. TYPE OF EMPLOYMENT MILITARY  CIVILIAN xxx | 4. DATE OF BIRTH 4/14/60 | 5. MARITAL STATUS married | 6. DATE AND DAY OF ACCIDENT 5/23/01-5/26/01 | 7. TIME (A.M. OR P.M.) 6:00 P.M. and beyond |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Please refer to the attached, 9-page Ntice of claim, which is icorporated herein by reference. Briefly, the Claimant was unlawfully detained, transported, and imprisoned by federal employees acting within the scope of their employement. The Claimant further suffered personal injuries as a result of the federal employees' negligent acts and omissions. Mrs. Bosselaar's husband, Jan, suffered a loss of his wife' consortium as a direct and proximate result of the federal employees' negligence.

| 9. PROPERTY DAMAGE |
|---|
| NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code) |
| |
| BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side) |

| 10. PERSONAL INJURY/WRONGFUL DEATH |
|---|
| STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT |
| Please refer to the attached, 9-page Notice of Claim and Paragraph 8, above, which are incorporated herein by reference. |

| 11. WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| | |

12. (See instructions on reverse)    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $1,000,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $1,000,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory (617) 698-6000 | 14. DATE OF CLAIM 5/19/03 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108    NSN 7540-00-634-4046    STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable    PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
 (a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
 Civil Division
 U.S. Department of Justice
 Washington, DC 20530

and to the
 Office of Management and Budget
 Paperwork Reduction Project (1105-0008)
 Washington, DC 20503

**INSURANCE COVERAGE**

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?   Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.   No

Not applicable.

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

19. Do you carry public liability and property damage insurance?   Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

To :   Mr Darin Colucci,
       Fax : 00 1  617  6981262


Date : May , 19 th , 2003


Dear Mr Colucci,


This letter confirms that your firm has agreed to represent my wife,
Liduvina, and me with regard to the events that occurred in Boston beginning
on May 23rd of 2001 .


Jan Bosselaar,

Twijpstraat 4
7411 AR Deventer
The Netherlands
tel :            011- 31 – 570 - 636486
mobile :         011- 31   6 - 27581889