UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| LIDUVINA BOSSELAAR, | ) | |
| | ) | Civil Action No. 04-11033 PBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LOCAL RULE 16.1(D) JOINT SCHEDULING STATEMENT**

Now come the parties and hereby submit the following Joint Statement pursuant to Local Rule 16.1(D):

**1.     NATURE OF ACTION**

The plaintiff, Liduvina Bosselaar ("Bosselaar"), alleges constitutional violations pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., arising out of events pertaining to her inspection and subsequent detention following her arrival at Logan International Airport on May 23, 2001. Specifically, Bosselaar, a legal entrant to the United States, claims the defendants wrongfully detained her without explanation at Logan International Airport before transporting her to the INS Detention Center in Boston, Massachusetts. During the transport, Bosselaar sustained personal injuries in a fall. Moreover, Bosselaar was denied legal counsel throughout her detention and again moved, to a new location, the Bristol County House of Correction. Several days later, she was transported via bus to Logan International Airport on May 26, 2001 for a return flight to Amsterdam, Netherlands.

The defendants deny all allegations of wrongdoing.

**2.    DISCOVERY PLAN**

Plaintiff proposes the following discovery plan:

1. Automatic document disclosure to be completed on or about August 19, 2006;

2. All written discovery shall be served on or before September 25, 2006 and shall be completed by November 24, 2006;

3. Supplemental written discovery requests shall be served on or before December 22, 2006;

4. All non-expert depositions to be completed by January 18, 2007;

5. Plaintiff's expert witnesses shall be designated by December 22, 2006 and Defendants' expert witnesses shall be designated within 30 days after Plaintiff's disclosure;

6. All expert depositions shall be completed within 60 days of Defendants' expert designation.

Defendants submit that all discovery should be stayed pending a ruling by the Court on defendant's pending Motion to Dismiss for lack of subject matter jurisdiction, which was filed on November 8, 2004. Defendants otherwise do not oppose the discovery plan submitted by the plaintiff.

**3.    MOTION SCHEDULE**

**1.** Defendants' Motion to Dismiss for lack of subject matter jurisdiction remains pending. On November 8, 2004, defendants moved to dismiss this action for lack of subject matter jurisdiction on the ground that plaintiff failed to bring suit within six months after the date of mailing of notice of the final denial of her administrative claims, as required by 28 U.S.C. § 2401(b). On November 30, 2004, the Court granted the motion in an electronic order.

On December 14, 2004, plaintiff moved for reconsideration of that order, attesting that, due to a clerical error by plaintiff's counsel, the Court had not been notified that the parties had agreed to a 45-day extension of time for plaintiff to respond to defendants' motion, and that, if reconsideration were granted, plaintiff would file a response to defendants' motion on or before December 17, 2004. On January 3, 2005, the Court granted plaintiff's motion for reconsideration.

The docket sheet does not reflect that plaintiff has filed her memorandum of law in opposition to defendant's motion to dismiss with the Court. That document has been provided to

defendant's counsel, however, and defendants do not oppose the granting of leave for plaintiff to file her memorandum of law in opposition to defendant's motion to dismiss out of time.

A ruling on the merits of defendants' motion to dismiss for lack of subject matter jurisdiction therefore remains pending.

**2.** The parties propose that all other dispositive motions are to be filed on or before February 26, 2007.

**4.    ADR SCHEDULE**

If the parties agree to submit this matter to alternative dispute resolution through the court-sponsored mediation program, they shall schedule mediation for a mutually agreeable time.

**5.    CERTIFICATIONS**

The parties will file L.R. 16.1 certifications of conferral separately.

                                    DEFENDANTS

                                    THE UNITED STATES Of AMERICA, et al.,

                                    By their attorneys,

Date: 7/19/2006              /s/ Mark T. Quinlivan
                                    MARK T. QUINLIVAN
                                    Assistant U.S. Attorney
                                    John Joseph Moakley U.S. Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA  02210
                                    (617) 748-3606


                                    LIDUVINA BOSSELAAR

                                    By Her Attorneys,

                                    COLUCCI, COLUCCI, MARCUS &
                                    FLAVIN, P.C.

Date: 7/19/2006              /s/ Dino M. Colucci
                                    Dino M. Colucci, Esq, (BBO#552331)
                                    Matthew P. Albanese, Esq. (BBO# 653245)
                                    424 Adams Street
                                    Milton, MA 02186
                                    (617) 698-6000